JAMES V. FAZIO, III (CSB# 183353)
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:    (858) 792-3446
Facsimile:     (858) 792-3447
jamesfazio@sandiegoiplaw.com
trevorcoddington@sandiegoiplaw.com

Attorneys for Plaintiff
PJC LOGISTICS, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PJC LOGISTICS, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA,<br><br>   Defendant. | CASE NO. '11CV2511 LAB BGS<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 5,223,844**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff PJC Logistics, LLC ("PJC Logistics" or "Plaintiff"), by way of its Complaint against Defendant Hyundai Motor America ("Hyundai" or "Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

### THE PARTIES

2.  Plaintiff PJC Logistics is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt Texas 76643.

3.  Defendant Hyundai is a corporation organized under the laws of California with its principal place of business at 10550 Talbert Avenue, Fountain Valley, CA 92708.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTION AND VENUE**

4. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1400(b).

7. Defendant Hyundai has knowingly and intentionally engaged in the manufacture, use, distribution, sale and offer for sale, and/or import of vehicle tracking and monitoring systems that infringe the patent-in-suit, as is alleged below. Defendant directs, induces or instructs its agents, employees, customers, or contracting entities to use vehicle tracking and monitoring systems that infringe the patent-in-suit, as is alleged below. On information and belief, Defendant conducts business in this Judicial District and has committed acts of patent infringement in this Judicial District including, inter alia, importing, making, using, offering for sale, and/or selling infringing vehicle tracking and monitoring systems in this Judicial District.

8. On information and belief, Defendant has knowingly and actively contributed to infringement and/or has induced others including, but not limited to, its customers to commit such acts of infringement in this Judicial District.

9. On information and belief, Defendant has ongoing and systematic contacts with this Judicial District and the United States. Defendant has purposefully placed vehicle tracking and monitoring systems infringing the patent-in-suit in the stream of commerce, knowing and expecting that such products would be used in vehicles that operate in this Judicial District.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844**

10. PJC Logistics repeats and re-alleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as "the '844 Patent"), entitled "VEHICLE TRACKING AND SECURITY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

12. PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

13. Without license or authorization, Hyundai has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Hyundai, of the '844 Patent in this Judicial District, and elsewhere in the United States. Infringements by Hyundai include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicle tracking and monitoring systems, including at least the Hyundai Blue Link system and/or related services.

14. Upon information and belief, Hyundai knew or should have known that the Hyundai Blue Link system and/or related services would induce infringement by its customers. Upon information and belief, Hyundai has contributed to the infringement of the '844 Patent by engaging in such activities knowing that the Hyundai Blue Link system and/or related services are especially made or especially adapted to be used in a manner that infringes the '844 Patent, and do not have a substantial non-infringing use. Hyundai is thus liable for infringement of the '844 Patent under 35 U.S.C. § 271(a), (b) & (c).

15. Defendant has had knowledge of and/or been aware of the '844 Patent since at least April 5, 2011, when, in a letter sent via certified mail, PJC Logistics informed Defendant of its infringement of the '844 Patent and requested that Defendant license the '844 Patent in order to mitigate its continued infringement. On information and belief, Defendant's infringement of the '844 Patent has been and continues to be willful and deliberate.

16. PJC Logistics has been damaged by Defendant's infringing activities.

**PRAYER FOR RELIEF**

WHEREFORE, PJC Logistics respectfully prays for judgment for itself and against Defendant as follows:

A. An Order adjudging Defendant to have infringed the '844 Patent;

B. That this Court ascertain and award PJC Logistics damages sufficient to

compensate it for the above infringement, and that the damages so ascertained be awarded to PJC Logistics with interest;

  C.  That this Court treble damages in view of the willful and deliberate nature of Defendant's infringement of the '844 Patent;

  D.  That this Court find this case to be exceptional and award PJC Logistics its attorneys' fees, costs, and expenses in this action;

  E.  That this Court order an accounting of all infringing sales including, but not limited to, those sales not presented at trial, and award PJC Logistics damages for any such sales; and; and

  F.  Such other and further relief at law or equity as the Court may deem proper and just.

Dated: October 28, 2011    SAN DIEGO IP LAW GROUP LLP


By: /s/Trevor Coddington
   JAMES V. FAZIO, III
   TREVOR Q. CODDINGTON

Attorneys for Plaintiff
PJC LOGISTICS, LLC

-3-

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

PJC Logistics, LLC hereby demands a trial by jury on all issues so triable.

Dated:  October 28, 2011    SAN DIEGO IP LAW GROUP LLP


By:  /s/Trevor Coddington
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON

Attorneys for Plaintiff
PJC LOGISTICS, LLC

-4-

**COMPLAINT AND DEMAND FOR JURY TRIAL**